# EXHIBIT 1

IN THE COURT OF THE COMMON PLEAS
SOMERSET COUNTY, PENNSYLVANIA - CIVIL DIVISION

# WRIT OF SUMMONS

NICOLE JONES
    Plaintiff,

VS.                                                                                           **No. 101 Civil 2023**

~~SIEMON'S LAKEVIEW MANOR~~
NRSING and REHABILITION CENTER

And

ENVOY OF SOMERSET LLC
Defendants,

TO: SIEMON'S LAKEVIEW MANOR
NURSING and REHABILITION CENTER
And
ENVOY OF SOMERSET LLC

YOU ARE NOTIFIED THAT NICOLE JONES,

HAS COMMENCED AN ACTION AGAINST YOU.

Date:  February 9, 2023  @1:16 PM          *Brian K. Fochtman*
                                                                                  Prothonotary
                                                       *C. Jeannie Custer*
                                                                                   Deputy

Plaintiff's Attorney:                    Marc T. Valentine, Esq.

*[Stamp: RECEIVED SHERIFF'S OFFICE SOMERSET, PA. 23 FEB 10 AM 11:29 BY ___]*

# EXHIBIT 2

## IN THE COURT OF COMMON PLEAS OF SOMERSET COUNTY, PENNSYLVANIA

| | |
|---|---|
| NICOLE JONES<br>      Plaintiff, | ) <br> )   DOCKET NO. 101 Civil 2023 <br> ) <br> )   **COMPLAINT** |
| VS. | ) |
| SIEMON'S LAKEVIEW MANOR<br>NURSING and REHABILITATION<br>CENTER | ) <br> ) <br> ) |
| And | ) |
| ENVOY OF SOMERSET LLC<br>      Defendants. | ) <br> )   FILED ON BEHALF OF:<br> )   **NICOLE JONES**<br> )   **Plaintiff** <br> ) <br> )   COUNSEL OF RECORD:<br> )   MARC T. VALENTINE, ESQUIRE<br> )   PA ID NO. 313624<br> )   SNYDER VALENTINE PC<br> )   116 N. CENTER AVE.<br> )   SOMERSET, PA 15501<br> )   (814) 701-2835 |

Certified to be true and correct copy of the original Document on file in this office.

C. Jeanne Custer
Acting Prothonotary

FILED FOR RECORD
2024 APR 15 A 11:38

## IN THE COURT OF COMMON PLEAS OF SOMERSET COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE JONES | ) | |
|     Plaintiff, | ) | DOCKET NO. 101 Civil 2023 |
| | ) | |
| VS. | ) | **COMPLAINT** |
| | ) | |
| SIEMON'S LAKEVIEW MANOR | ) | |
| NURSING and REHABILITATION | ) | |
| CENTER | ) | |
| | ) | |
| And | ) | |
| | ) | |
| ENVOY OF SOMERSET LLC | ) | |
|     Defendants. | ) | |

Now comes Nicole Jones, by and through her attorney Marc T. Valentine, Esquire, Snyder Valentine PC, filing this Complaint and avers the following in support thereof:

1. The Plaintiff, Nicole Jones, resides at 364 Whitetail Rd., Somerset, PA 15501.

2. The Defendant, Siemons Lakeview Manor Nursing and Rehabilitation Center, doing business at 230 Siemon Dr, Somerset, PA 15501.

3. The defendant, Envoy of Somerset, LLC, doing business at 230 Siemon Dr, Somerset, PA 15501.

4. This case was previously filed with the Pennsylvania Human Relations Commission and the EEOC and a notice of right to sue letter was sent to the plaintiff's attorney on November 18, 2022.

5. The plaintiff was given 90 days from the date of receipt of the letter to file a lawsuit against the employer at the Court of Common Pleas.

6. A writ of summons was filed on February 9, 2023.

2

7. The sheriff served both defendants through the business office manager at the listed address on February 10, 2023.

8. No rule to issue a complaint was filed by either defendant.
9. As such, the plaintiff now files this complaint.

10. The plaintiff was employed as a nursing assistant on August 9, 2018, by the defendants until the date of discharge on June 18, 2021.

11. During the time of employment, the plaintiff was pregnant and had requested assistance in completing tasks in the shift.

12. The plaintiff informed the defendants of the plaintiff's pregnancy on April 9, 2021.

13. The plaintiff informed the defendants that the plaintiff needed lifting assistance, help to complete general duties due to pregnancy and was diagnosed with sleep issues with respect to pregnancy.

14. The defendants did not give reasonable accommodations to the plaintiff as required under the ADEA.

15. The defendants then terminated the employment of the plaintiff for failure to complete tasks and allegations that the plaintiff was sleeping on the job.

16. The defendant did afford other pregnant employees the same right to reasonable accommodations that had worked the same job with the same daily activities such as lifting patients, making beds, cleaning, and other activities of a nurse assistant.

17. Plaintiff began working at the Defendant's business as a CNA on August 9, 2018. The plaintiff was terminated on June 18, 2021, after being on unpaid suspension from June 15 to June 18, 2021.
18. Plaintiff did not sign the notice of termination.
19. Plaintiff was informed that Plaintiff had been allegedly sleeping on the job during the night shift, but Plaintiff was initially put on suspension for allegations of abuse.
20. There were no further actions taken concerning the allegations of abuse.
21. On April 9, 2021, Plaintiff informed the Defendants that the Plaintiff was pregnant.
22. Plaintiff had informed not only her supervisors but also other staff on that day of said pregnancy.
23. Between April 9, 2021, and May 10, 2021, Plaintiff informed the defendants that Plaintiff had been experiencing sleep issues and subsequent complications.
24. On May 10, 2021, the defendants began to make allegations to the Plaintiff that Plaintiff had been sleeping while working on night shift.
25. Plaintiff told several supervisors and administrators that Plaintiff had been having sleep issues and reminded the defendants that sleep issues had been previously discussed with the Defendants and Defendants said that as long as work is getting done there would be no issue.
26. After the Plaintiff had initially reported the Plaintiff's pregnancy and sleep issues, the Plaintiff requested assistance on the Plaintiff's floor.
27. The reason for the request for assistance was that the Plaintiff was unable to accomplish all the Plaintiff's duties during her shift.
28. The reason for not being able to complete the duties was that the Plaintiff had to conduct duties that required two or more employees to complete the tasks, but the defendants did not provide assistance in any way to the Plaintiff.
29. The Plaintiff worked the night shift and prior to the Plaintiff shift ending, Plaintiff had a duty to awake and get residents out of bed.
30. Although Plaintiff had informed the defendants that Plaintiff had lift restrictions and the qualified medical condition of pregnancy, the defendants did not provide any assistance to Plaintiff in getting residents out of bed.

31. Plaintiff had to lift and move residents on her own which is a violation of not only the healthcare laws and duties of care for the patient but also dangerous to the health of the Plaintiff for a period of three weeks until the Plaintiff was allegedly suspended for a false abuse allegation.
32. There was another similarly situated employee who worked the day shift.
33. She had a very similar situation to the Plaintiff.
34. When that employee told the defendants that the employee needed assistance, the defendants provided assistance to the employee.
35. The assistance was additional employees helping that employee.
36. The defendants also took measures to prevent said employee from lifting more than what should be lifted with that employee's health condition.
37. Further the defendants moved the shift of the employee to give reasonable accommodation to that employee.
38. The defendants did not provide any assistance to the Plaintiff.
39. The Plaintiff had a lifting restriction due to pregnancy, but the defendants did not provide any assistance with that weight restriction but required the Plaintiff to do said lifts knowing full well that the Plaintiff was pregnant.
40. Defendants showed no concern, defendants gave no reasonable accommodation for the medical condition of the Plaintiff.
41. Plaintiff denies sleeping on the job.
42. Prior to the termination Plaintiff was not informed of the reason for termination being sleeping as the Plaintiff was previously put on suspension for a false allegation of abuse.
43. The Plaintiff was terminated in violation of the employee handbook as the employee was not given notice of the reason for termination prior to the termination hearing nor was the Plaintiff given a due process right to said termination.
44. Plaintiff worked approximately 40 hours a week without overtime at a rate of $16.50 per hour.
45. The employee is still owed 5.3 hours of sick days and 56.49 hours of PTO time.
46. This time was earned by the Plaintiff but was not received.
47. During the Plaintiff's health issues of pregnancy, the Plaintiff attempted to go on vacation and even attempted FMLA.

5

48. The defendants did not provide the opportunity for FMLA, nor would the defendants allow the Plaintiff to go on vacation although the Plaintiff had the time to do so.
49. The Plaintiff had worked weekend shifts but was not receiving the $1.00 per hour shift differential like other employees were receiving. This can be evidenced by the paycheck stubs of the Plaintiff.
50. The Plaintiff applied for unemployment and the defendant's denied unemployment.
51. The Plaintiff's physician had given a note to the Plaintiff that the Plaintiff could not lift due to pregnancy and said note was given to the supervisors of the defendants.
52. Plaintiff had informed several layers of management on different occasions that the Plaintiff was not receiving assistance as required and did not receive any reasonable accommodation.
53. A new handbook had been created by the defendants.
54. Plaintiff never received said handbook nor did the Plaintiff ever sign off on said handbook.
55. There is a collective-bargaining agreement with the Defendants but the Defendants, nor the union ever provided Plaintiff with a copy of the collective-bargaining agreement.
56. Vacation time is dictated by the collective bargaining agreement.
57. The defendants did not provide reasonable accommodation to the plaintiff and wrongfully terminated the plaintiff for reasons that were given by the physician for the ADEA claim.
58. The defendants had a duty to provide reasonable accommodations under the ADEA.
59. The defendants breached that duty by not providing reasonable accommodations.
60. The plaintiff suffered the loss of employment, lower hourly pay, increased cost of travel, loss of healthcare, pain, aggravation, anxiety, statutory damages, stress, loss of benefits attorney's fees, and other costs.

WHEREFORE, the plaintiff asked this Honorable Court, to hold that the defendants give a reasonable accommodation and award the plaintiff the damages as aforementioned.

Respectfully submitted,

Marc T. Valentine, Esquire

## Verification Pursuant to

## 42 Pa. C.S.A. §102 and Pa. R.Civ.P. 76

I, the undersigned, do hereby state that I, NICOLE JONES, am the Plaintiff in the foregoing cause of action. I verify that the statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

3-26-2024

Date

*Nicole Jones*

NICOLE JONES

## IN THE COURT OF COMMON PLEAS OF SOMERSET COUNTY, PENNSYLVANIA

| | |
|---|---|
| NICOLE JONES ) | |
|     Plaintiff, ) | DOCKET NO. 101 Civil 2023 |
| ) | |
| VS. ) | **COMPLAINT** |
| ) | |
| SIEMON'S LAKEVIEW MANOR ) | |
| NURSING and REHABILITATION ) | |
| CENTER ) | |
| ) | |
| And ) | |
| ) | |
| ENVOY OF SOMERSET LLC ) | |
|     Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Complaint was served upon the following party via First Class, Postage Pre-Paid, U.S. Mail and Certified Mail on this date.

Siemons Lakeview Manor Nursing and Rehabilitation Center
230 Siemon Dr,
Somerset, PA 15501


Envoy of Somerset, LLC
230 Siemon Dr,
Somerset, PA 15501


Date: 4-12-2024

Respectfully Submitted,

Marc T. Valentine, Esquire

7